UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Frieda Aaron, et al., | ) |
| | ) |
| Plaintiffs, | ) Case No.: 1:18-cv-00699 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Hamilton County Clerk's Office, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## OPINION & ORDER

This matter is before the Court on the Motions to Dismiss of Defendant Judge Schweikert (Doc. 5), Defendants Hamilton County Clerk's Office, Aftab Pureval in his Official Capacity, and Hamilton County, Ohio (Doc. 6), and Defendant Aftab Pureval in his Individual Capacity (Doc. 12). Plaintiffs filed Responses to the respective Motions to Dismiss (Docs. 16, 18, 23).[1] Defendant Judge Schweikert filed a Reply (Doc. 24). Defendant Aftab Pureval in his Individual Capacity filed a Reply (Doc. 26). Defendants Hamilton County Clerk's Office, Aftab Pureval in his Official Capacity, and Hamilton County, Ohio, did not file a Reply and the time to do so has passed.

Although Plaintiffs request oral argument in the caption of each of their Responses, they fail to state the grounds for those requests in the body of their Responses (Docs. 16, 18, 26); *see* S.D. Ohio Civ. R. 7.1(b)(2). The Court does not deem oral argument

---

[1] Each of Plaintiffs' Reponses exceed the permissible page length set forth in the Court's Local Rules and the undersigned's Standing Orders and Plaintiffs neither requested nor received leave to file Responses in excess of twenty pages. *See* S.D. Ohio Civ. R. 7.2(a)(3); Standing Order on Civil Procedures, Michael R. Barrett, I.G and I.F. For purposes of this matter, the Court will accept the Responses for filing. In the future, however, counsel for Plaintiffs are to abide by this Court's Rules and Standing Orders.

essential to the fair resolution of this matter and denies Plaintiffs' requests. *See id.*

## I. BACKGROUND

Plaintiffs' counsel represent hundreds of clients in medical malpractice claims against Dr. Abubakar Atiq Durrani and the different hospitals where he treated patients in the underlying cases known as "the Durrani cases." (Doc. 1). The Durrani cases began approximately six years ago and are currently being litigated in this Court and the Hamilton County Court of Common Pleas. (*Id.*). In August 2017, Supreme Court of Ohio Chief Justice Maureen O'Connor appointed Defendant Judge Schweikert to preside over the Durrani cases in Hamilton County. (*Id.*).

On August 30, 2018, Defendant Judge Schweikert issued an "Entry Setting Hearing on Security for Court Costs" in which he explained that "[d]ue to the multiple and often lengthy filings related to this entire litigation . . . the court costs appear to be accumulating beyond what would ordinarily be expected." (Doc. 1-1 at PageID 86-87). He stated that the "Court is considering a requirement that all Plaintiffs with active cases in this litigation . . . to increase the security for court costs to the amount currently accumulated in each case" and he would "hear the perspectives of all parties through their counsel at" a September 19, 2018 case management conference. (*Id.* at PageID 87). That same day, Defendant Judge Schweikert issued an "Order on Plaintiffs' Motion to Amend Complaint and Setting Show Cause Hearing." (Doc. 5-1 at PageID 320-322).[2]

---

[2] Although this order is not attached to Plaintiffs' Complaint, Plaintiffs reference two August 30, 2018 orders from Defendant Judge Schweikert in their Complaint and those two orders are central to their Complaint (Doc. 1 at PageID 78), such that the Court can properly consider this order in ruling on the Motions to Dismiss. *See New Eng. Health Care Emples. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003); *Total Benefits Planning Agency Inc. v. Anthem Blue Cross & Blue Shield*, 630 F.Supp.2d 842, 849 (S.D. Ohio 2007).

In it, he found that plaintiffs' counsel failed to comply with instructions in a prior May 1, 2018 decision and ordered:

> that the improper amendments filed on May 4, 2018 without leave and contrary to this Courts instructions shall be stricken. The Court will conduct a hearing on September 19, 2018, for the Plaintiff's counsel Frederick Johnson to show cause why he should not be assessed, pursuant to Civ. R. 11 $6,630.00 ($15.00 for each of 442 cases) for the court costs related to the improper filing, such amount to be applied to the court costs in each case.

(*Id.* at PageID 322).

In the Complaint in this matter, Plaintiffs seek relief under 42 U.S.C. § 1983 and allege due process and equal protection violations under the Fourteenth Amendment to the U.S. Constitution. (Doc. 1). Plaintiffs argue that Defendant Judge Schweikert's August 30, 2018 "Entry Setting Hearing on Security for Court Costs" and "Order on Plaintiffs' Motion to Amend Complaint and Setting Show Cause Hearing" were "in obvious retaliation" to their filing of Case No. 1:18cv599 in this Court and result in "a presumption of selective enforcement of laws pertaining to filing fees against Plaintiffs based upon Plaintiffs' invocation of constitutional rights." (*Id.* at PageID 78). They state that Defendant Judge Schweikert taxed costs to Plaintiffs "for a total of $1,154,991.00[3] security deposit on filing fees on a single filing and $55,000 and $6,630." (*Id.*).

## II. ANALYSIS

Article III standing is "the threshold question in every federal case, determining the

---

[3] On August 21, 2018, Plaintiffs filed a document in certain Hamilton County Durrani cases titled "Plaintiffs' Comprehensive Factual and Legal Memorandum on Negligent Credentialing and Retention and Dr. Keith Wilkey, Expert on the Issue." (Doc. 1 at PageID 78). This document was 2,643 pages and the Hamilton County Clerk of Courts stated "that the aggregate costs to be applied to all of these cases amounted to $1,154,991.00." (Doc. 1-1 at PageID 86).

3

power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). "Article III . . . limits the jurisdiction of federal courts to 'Cases' and 'Controversies,'" and "[t]he doctrine of standing gives meaning to these constitutional limits by 'identify[ing] those disputes which are appropriately resolved through the judicial process.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). A plaintiff bears the burden of establishing standing. *Lujan*, 504 U.S. at 560. Additionally, the party invoking federal jurisdiction must have standing at the commencement of the litigation. *Davis v. Federal Election Com'n*, 554 U.S. 724, 732 (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S.167, 180-181 (2000)).

To demonstrate Article III standing, a plaintiff must establish: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001) (quoting *Friends of Earth, Inc.*, 528 U.S. at 189); *Lujan*, 504 U.S. at 560.

Contrary to their assertions otherwise, nothing in the record before the Court demonstrates that Defendant Judge Schweikert ordered Plaintiffs to pay "a total of $1,154,991.00 security deposit on filing fees on a single filing and $55,000 and $6,630." (Doc. 1 at PageID 78); (Doc. 18 at PageID 443). Rather, the August 30, 2018 "Entry Setting Hearing on Security for Court Costs" stated that he was *considering* requiring the Durrani plaintiffs to increase security for court costs and the August 30, 2018 "Order on

4

Plaintiffs' Motion to Amend Complaint and Setting Show Cause Hearing" concerned scheduling a show cause hearing regarding *the possibility of* one of the Hamilton County Durrani plaintiffs' *counsel being assessed fees*, under the Ohio Rules of Civil Procedure, and not plaintiffs themselves. (Doc. 1-1 at PageID 87); (Doc. 5-1 at PageID 320-322). Indeed, in their Response to Defendant Judge Schweikert's Motion to Dismiss, Plaintiffs concede that he "has not entered an Order based upon [the Hamilton County Durrani] defendants' suggestion to impose court costs." (Doc. 18 at PageID 436). Plaintiffs describe "Defendant [Judge Schweikert]'s *proposed action* to impose a highly unreasonable amount as security for costs." (*Id.* at PageID 443) (emphasis added).

Based on the record before it, the Court is not convinced that Plaintiffs have suffered an actual injury or face a "certainly impending" risk that Defendant Judge Schweikert has or will issue an order requiring Plaintiffs themselves to increase security for court costs in the Hamilton County Durrani cases. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (Explaining that threatened injury must be certainly impending to constitute injury in fact and that allegations of possible future injury are not sufficient) (internal citations omitted). To the extent that Plaintiffs contend this matter is ripe for resolution as "the factual record is sufficiently developed to produce a fair adjudication of the merits of the parties' respective claims" (Doc. 18 at PageID 446), Plaintiffs' lack of standing is fatal and the Court cannot and will not proceed any further. To be sure, the Court finds that Plaintiffs lacked standing when they commenced this matter and currently lack standing to bring this action. *See Davis*, 554 U.S. at 732. In light of this finding, the Court need not reach Defendants' alternative arguments for dismissal.

## III. CONCLUSION

Based on the foregoing, the Court holds that Plaintiffs lack standing and, consequently, Defendants' Motions to Dismiss (Docs. 5, 6, 12) are **GRANTED**; Plaintiffs' Motion for Judgment on the Pleadings (Doc. 27) and Motion for Preliminary Injunction (Doc. 30) are **DENIED as moot**; and Plaintiffs' claims are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**  _s/ Michael R. Barrett_____
Michael R. Barrett, Judge
United States District Court